IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| COMMUNITY BANC MORTGAGE CORPORATION, an Illinois Corporation, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 15-3051 |
| NORTH SALEM STATE BANK, an Indiana banking corporation, | ) ) ) ) | |
| Defendant. | ) | |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

This cause is before the Court on the Defendant North Salem State Bank's Motion to Dismiss (d/e 10). On May 15, 2015, at Defendant's request, the Court heard oral argument on the Motion and took the matter under advisement. The Court now finds that the Complaint is not barred by the statute of limitations. The Motion to Dismiss is denied.

### I. BACKGROUND

On January 16, 2015, Plaintiff Community Banc Mortgage Corporation filed a Complaint against Defendant North Salem

State Bank in the Circuit Court for the Seventh Judicial Circuit, Sangamon County, Illinois.  On February 19, 2015, Defendant filed a Notice of Removal.  The Complaint contains the following allegations.

Plaintiff and Defendant were parties to a Secondary Mortgage Market Agreement dated May 21, 1992, as amended by Amendment to Secondary Mortgage Market Agreement dated effective November 1, 1996 (collectively referred to as the Agreement).  Compl. ¶ 5.  Pursuant to the Agreement, Defendant originated residential mortgage loans and then sold such loans to Plaintiff.  Id. ¶ 6.  Plaintiff thereafter sold the loans to the Federal National Mortgage Association ("Fannie Mae"), the Federal Home Loan Mortgage Corporation ("Freddie Mac"), and other secondary mortgage market participants.  Id. ¶ 6.

Under the Agreement, Defendant, identified in the Agreement as "Third Party Lender," warranted that:

1. Mortgage loans are processed in compliance with all applicable Federal, State, and Local laws, and all FDIC, OCC, OTS, or Federal Reserve regulations applicable to real estate lending;

2. Mortgage loans are processed, packaged, and closed in accordance with Secondary Market guidelines;

3. Mortgage loans are originated, processed, and closed by the Third Party Lender, or their authorized representative. Third Party Lender is responsible for actions of authorized representatives as if Third Party Lender processed or closed the loan;

4. All documents and representations are true and correct; and

5. No builder, developer, property seller, or other interested party to a transaction has participated directly in the processing, packaging, or sale of any mortgage sold to UCB[1] [(Plaintiff)].

Compl. ¶ 7 (quoting Agreement ¶ E (d/e 1-1)). The Agreement also contained an indemnification provision:

> Third Party Lender [(Defendant)] fully indemnifies and agrees to hold UCB [(Plaintiff)], its successors and assigns, harmless from and against any and all losses, claims, demands, actions, suits, damages, costs and expenses (including reasonable attorneys' fees) of every nature and character that may arise or be made against or incurred by UCB as a result of Third Party Lender's failure to perform its obligations, breach any warranties, or misrepresent any certifications in connection with this agreement.

Id. ¶ 8 (quoting Agreement ¶ F).

---

[1] Plaintiff explains that Plaintiff is a wholly owned subsidiary of United Community Bank (UCB). A 1999 Amendment to the Agreement substituted Plaintiff as the purchaser of the loans. See Pl. Resp. at 13 n.1 (d/e 13).

One of the loans originated by Defendant and purchased by Plaintiff was a mortgage loan dated September 4, 2003, made to Steven and Susan Wainman. Compl. ¶ 9. The mortgage loan was in the amount of $100,000 and was to be secured by a first mortgage on property owned by the Wainmans located at 624 E. Walnut Street, Greencastle, Indiana (the Wainman Loan). Id. Before the closing of the Wainman Loan, the real estate located at 624 E. Walnut Street, Greencastle, Indiana, was encumbered by various pre-existing liens, including a mortgage in favor of National City Bank that secured a line of credit provided by National City Bank to the Wainmans. Id. ¶ 10.

The Wainman Loan was closed by Abstract and Title of Putnam County, Inc. (the Closing Agent), at Defendant's direction. Compl. ¶ 11. Funds were disbursed through the closing agents, including a disbursement made to National City Bank in an amount necessary to satisfy the balance due to the existing line of credit mortgage. Id. ¶ 12. The disbursement to National City Bank was accompanied by an instruction that the line of credit be terminated and the mortgage released by National City Bank. Id. ¶ 13.

After the closing of the Wainman Loan, the loan was purchased by Plaintiff and, thereafter, Fannie Mae. Compl. ¶ 14. Plaintiff retained the rights and obligations related to servicing the Wainman Loan. Id.

In 2010, Plaintiff commenced foreclosure proceedings after the Wainmans defaulted on the loan. Compl. ¶ 15. During the foreclosure proceedings, it was discovered that the National City Bank mortgage had not been released. Id. ¶ 16. PNC, as the successor to National City Bank, claimed a first mortgage position on the real estate securing an indebtedness of $11,986.75, plus interest, fees, and costs, for sums advanced to the Wainmans. Id. ¶ 16.

In March 2012, Fannie Mae demanded that Plaintiff repurchase the Wainman Loan, alleging that the loan was not originated in accordance with the procedures required by Fannie Mae because of the failure to obtain and record a release of the National City Bank mortgage. Compl. ¶ 17. On or about April 20, 2012, Plaintiff complied with Fannie Mae's demand and repurchased the Wainman Loan at a cost of $110,002.20. Id. ¶ 18.

The foreclosure was subsequently completed, and the mortgage property was sold by Plaintiff. Compl. ¶ 19. Plaintiff suffered a loss of $114,842.53 on the transaction. Id.

Plaintiff alleges that Defendant's failure to obtain and record a release of the National City Bank mortgage and the sale of the Wainman loan to Plaintiff constituted a breach of Defendant's warranties and obligations to Plaintiff under the Agreement. Compl. ¶ 21. Plaintiff further alleges that Defendant is required to indemnify and hold Plaintiff harmless from any loss suffered by Plaintiff arising from a breach of Defendant's warranties under the Agreement and from Defendant's failure to perform its obligations under the Agreement. Id. ¶ 20.

Plaintiff has demanded that Defendant indemnify it for the loss suffered on account of Defendant's breach, but Defendant has not done so. Compl. ¶ 22. Plaintiff alleges damages in the amount of $114,842.53, plus interest, attorney's fees, and costs. Id. ¶ 23.

In March 2015, Defendant filed a Motion to Dismiss, asserting that the cause of action is barred by the statute of limitations.

## II. JURISDICTION

This Court has subject matter jurisdiction based on the diversity of the parties and because the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332(a)(1); see also Compl. ¶ 1, 2 (indicating that Plaintiff is an Illinois corporation with offices located in Sangamon County and Defendant is an Indiana banking corporation). [2] Defendant concedes venue is proper in this district because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in this district. Notice of Removal (d/e 1); see also 28 U.S.C. § 1391(b)(2) (venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred"); 28 U.S.C. § 1441(a) (providing that a state court action may be removed to the district court "for the district and division embracing the place where such action is pending").

---

[2] The Court confirmed on the Illinois Secretary of State website that Plaintiff is incorporated in Illinois. The Illinois Secretary of State has no records on Defendant. A search of the Indiana Secretary of State website shows that North Salem State Bank is a for-profit domestic corporation with an address in Indiana.

## III. LEGAL STANDARD

When considering a motion to dismiss under Rule 12(b)(6), the Court construes the complaint in the light most favorable to the plaintiff, accepting all well-pleaded allegations as true and construing all reasonable inferences in the plaintiff's favor. Tamayo v. Blagojevich, 526 F.3d 1074, 1081 (7th Cir. 2008). However, the complaint must set forth facts that plausibly demonstrate a claim for relief. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547 (2007). Plausibility means the plaintiff has alleged facts that allow the court to reasonably infer that the defendant is liable for the misconduct alleged. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Merely reciting the elements of a cause of action or supporting claims with conclusory statements is insufficient to state a cause of action. Id.

Generally, the running of the statute of limitations is an affirmative defense. Chi. Bldg. Design, P.C. v. Mongolian House, Inc., 770 F.3d 610, 613 (7th Cir. 2014). "[C]omplaints do not have to anticipate affirmative defenses to survive a motion to dismiss." United States v. Lewis, 411 F.3d 838, 842 (7th Cir. 2005); Hollander v. Brown, 457 F.3d 688, 691 n.1 (2006) ("a federal

complaint does not fail to state a claim simply because it omits facts that would defeat a statute of limitations defense"). Dismissal under Rule 12(b)(6) is appropriate, however, when the complaint contains sufficient facts to establish that the action is barred by the applicable statute of limitations. Andonissamy v. Hewlett-Packard Co., 547 F.3d 841, 847 (7th Cir. 2008).

## IV. ANALYSIS

The parties agree that Illinois law governs and that the applicable statute of limitations is 10 years. Def. Mot. ¶¶ 17, 19; Pl. Resp. at 3; see also Agreement ¶ N (attached to the Compl. as Group Ex. A (d/e 1-1) (containing a choice of law provision providing that Illinois law applies); 735 ILCS 5/13-206 (providing that an action based on a written contract must be commenced "within 10 years next after the cause of action accrued"); Travelers Cas. & Sur. Co. v. Bowman, 229 Ill. 2d 461, 477 (2008) (holding that the 10-year statute of limitations set forth in section 13-206 of the Code of Civil Procedure applies to a cause of action for breach of a written indemnity agreement). The parties dispute when Plaintiff's cause of action accrued.

Defendant argues that Plaintiff's cause of action accrued in 2003 when Defendant allegedly failed to secure a release of National City Bank's line-of-credit mortgage. Defendant also asserts that Plaintiff was on constructive notice of the unreleased National City Bank mortgage.

Plaintiff agrees that the cause of action would be untimely if the sole question before the Court was whether Defendant breached the Agreement by failing to obtain the release. However, Plaintiff asserts that it does not seek redress for Defendant's failure to obtain the release. Instead, Plaintiff seeks to hold Defendant liable under its contractual agreement to indemnify. The alleged breach of that contractual duty occurred when Plaintiff suffered an actual loss. That is, the purported breach occurred when Plaintiff had to repurchase the loan from Fannie Mae, foreclosed and completed the sale, and suffered a total loss of $114,842.53. Plaintiff asserts this loss did not occur until after April 20, 2012 (the date Plaintiff complied with Fannie Mae's demand and repurchased the Wainman Loan), well within the 10-year statute of limitations.

A cause of action for breach of contract generally accrues at the time of the breach, not when the party suffers damages. Ind. Ins. Co. v. Machon & Machon, Inc., 324 Ill. App. 3d 300, 303 (2001). The fact that damages are not immediately ascertainable does not delay the accrual of the claim. Id. at 304.

However, when a party has a duty to indemnify pursuant to a written agreement, the cause of action on the agreement accrues when the party "either has had a judgment entered against him for damages, or has made payments or suffered an actual loss." Gerill Corp. v. Jack L. Hargrove Builders, Inc., 128 Ill. 2d 179, 199 (1989); see also Travelers, 229 Ill. 2d at 477 (finding the indemnity claim accrued when the defendants failed or refused to pay upon the plaintiff's demand for payment; the written agreement provided that payments due under the indemnity agreement were payable upon demand, and the defendants breached that agreement by refusing to pay on demand);[3] First Am. Title Ins. Co. v. Resource Real Estate Servs., LLC, No. 11 C 8095, 2012 WL 3245971, at *4

---

[3] See also Peregrine Fin. Group, Inc. v. TradeMaven, L.L.C., 391 Ill. App. 3d 309, 317-18) (2009) (distinguishing Travelers on the ground that the indemnity agreement in Travelers, by its express terms, provided that the cause of action did not accrue until the defendants failed or refused to pay).

(N.D. Ill. Aug. 7, 2012) (applying Illinois law and finding "the cause of action was required to be commenced within two years of [the defendant's] refusal to fulfill its obligations under the indemnity provision"); Singer v. Bulk Petroleum Corp., 9 F. Supp. 2d 916, 924 (N.D. Ill. 1998) (finding the defendant breached the covenant to indemnify and the cause of action accrued when defendant refused to pay the clean-up costs incurred by the plaintiff).

In this case, Plaintiff alleges that Defendant's failure to obtain and record the release of the National City Bank mortgage constituted a breach of Defendant's warranties and obligations to Plaintiff under the Agreement. Compl. ¶ 21. Plaintiff seeks relief, however, for Defendant's failure to indemnify Plaintiff for the loss Plaintiff suffered as a result of that breach.

In the Agreement, Defendant agreed to indemnify Plaintiff against "any and all losses, claims, demands, actions, suits, damages, costs, and expenses . . . of every nature and character that may arise or be made against or incurred by [Plaintiff[ as a result of [Defendant's] failure to perform its obligations, breach any warranties, or misrepresent any certifications in connection with this agreement." Compl. ¶ 8 (quoting Agreement ¶ F). On April 20,

2012, Plaintiff was required to repurchase the Wainman Loan because the loan was not originated in accordance with the procedures required by Fannie Mae. Compl. ¶ 17. Thereafter, Plaintiff demanded Defendant indemnify Plaintiff for the losses suffered, but Defendant allegedly refused.

    The repurchase of the Wainman loan triggered Defendant's obligation to perform under the indemnity provision of the Agreement. Defendant allegedly refused to perform its obligation to indemnify under the Agreement. Therefore, the alleged breach of the indemnity provision of the Agreement occurred no earlier than April 20, 2012, when Plaintiff was required to repurchase the Wainman Loan. That is well within the 10-year statute of limitations.

    Defendant argued at the hearing that the cases cited by Plaintiff are distinguishable because the contracts in those cases were purely indemnity contracts. Although Travelers involved a pure indemnity contract, several cases have applied the date of accrual that applies to indemnity contracts to contracts that merely contained an indemnity provision. See Gerill, 128 Ill. 2d at 185 (involving a contract to purchase an interest in a joint venture

that contained an indemnity provision); Singer, 9 F. Supp. 2d at 924 (involving a lease with an indemnity agreement; the court found that the cause of action for contractual indemnity accrued when the defendant failed to pay the clean-up costs). Therefore, the Court disagrees with Defendant's contention that the cases pertaining to the accrual of breach of indemnity provisions are distinguishable on this basis.

Because Plaintiff has alleged that Defendant breached its contractual duty to indemnify Plaintiff no earlier than April 2012, the Complaint is not barred by the 10-year statute of limitations. In light of this resolution, it is not necessary to consider whether Plaintiff was on constructive notice that the National City Bank mortgage had not been released. The breach for which relief is sought is not Defendant's failure to obtain the release but instead Defendant's failure to indemnify Plaintiff once Plaintiff had to repurchase the Wainman Loan.

## IV. CONCLUSION

For the reasons stated, Defendant's Motion to Dismiss [10] is DENIED. Defendant shall file an Answer on or before June 8, 2015.

ENTER: May 21, 2015

FOR THE COURT:
                        s/Sue E. Myerscough
                        SUE E. MYERSCOUGH
                        UNITED STATES DISTRICT JUDGE