IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| COMMUNITY BANC MORTGAGE CORPORATION, an Illinois Corporation, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 15-3051 |
| NORTH SALEM STATE BANK, an Indiana banking corporation, | ) ) ) ) | |
| Defendant. | ) | |

**OPINION**

**SUE E. MYERSCOUGH, U.S. District Judge.**

This cause is before the Court on Plaintiff Community Banc Mortgage Corporation's Motion to Strike Affirmative Defenses (d/e 17). For the reasons that follow, the Motion is granted in part and denied in part. The Court strikes Affirmative Defenses Nos. 1, 2 and 8 without prejudice and refuses to strike Affirmative Defenses Nos. 4 and 5.

**I. BACKGROUND**

On January 16, 2015, Plaintiff Community Banc Mortgage Corporation filed a Complaint against Defendant North Salem

State Bank in the Circuit Court for the Seventh Judicial Circuit, Sangamon County, Illinois. On February 19, 2015, Defendant filed a Notice of Removal, and the case was removed to this Court. Jurisdiction is based on the diversity of the parties and an amount in controversy in excess of $75,000. 28 U.S.C. § 1332(a)(1).

The Complaint alleges Plaintiff and Defendant were parties to a Secondary Mortgage Market Agreement (Agreement), which is governed by Illinois law. Compl. ¶ 5; Agreement ¶ N. After entering the Agreement, Defendant originated residential mortgage loans and sold the loans to Plaintiff. Id. ¶ 6.

As part of the Agreement, Defendant warranted that the mortgage loans would be processed in compliance with applicable law and processed, packaged, and closed in accordance with Secondary Market Guidelines. Id. at ¶ 7 (quoting Agreement ¶ E (d/e 1-1)). The Agreement also contained an indemnification agreement, providing that Defendant would hold Plaintiff harmless from and against all "losses, claims, demands, actions, suits, damages, costs[,] and expenses" made against or incurred by Plaintiff as a result of Defendant's failure to perform its obligations

Page 2 of 18

or Defendant's breach of any warranties.  Id. at ¶ 8 (quoting Agreement ¶ F).

One of the loans originated by Defendant and purchased by Plaintiff was a mortgage loan dated September 4, 2003 made to Steven and Susan Wainman (the Wainman Loan).  Id. ¶ 9.  After Plaintiff purchased the Wainman Loan, Plaintiff transferred the loan to the Federal National Mortgage Association (Fannie Mae) while retaining the rights and obligations relating to the servicing of the Wainman Loan.  Id. ¶ 14.

In 2010, after the Wainman's defaulted on the loan, Plaintiff commenced foreclosure procedures in state court.  Compl. ¶15. During the foreclosure proceedings, it was discovered that a prior lien, a mortgage held by National City Bank, had not been released.  Id. ¶ 16.

In March 2012, Fannie Mae demanded that Plaintiff repurchase the Wainman Loan because the loan was not originated in accordance with the procedures required by Fannie Mae due to the failure to obtain and record a release of the National City Bank mortgage.  Id. ¶ 17.  On or about April 20, 2012, Plaintiff repurchased the Wainman Loan.  Id. ¶18.  The

foreclosure was ultimately completed, and Plaintiff suffered a loss of $114,842.53 on the transaction. Id. ¶19.

Plaintiff alleges that Defendant was required to indemnify and hold Plaintiff harmless from any loss suffered by Plaintiff arising from a breach of Defendant's warranties under the Agreement and from Defendant's failure to perform its obligations under the Agreement. Compl. ¶ 20. According to Plaintiff, Defendant's failure to obtain and record a release of the National City Bank mortgage and Defendant's sale of the Wainman loan to Plaintiff constituted a breach of Defendant's warranties and obligations under the Agreement. Id. ¶ 21. Plaintiff demanded that Defendant indemnify it for the loss suffered on account of Defendant's breach of its warranties and obligations, but Defendant refused. Id. ¶¶ 22, 23. Plaintiff alleges it has been damaged by Defendant's refusal to indemnify Plaintiff for the loss suffered on account of Defendant's breach of its warranties and obligations in the amount of $114,842.53 plus prejudgment interest, reasonable attorney's fees, and costs of suit. Id. ¶ 23, Prayer for Relief.

On March 12, 2015, Defendant filed a Motion to Dismiss asserting that the Complaint was barred by the statute of

limitations because the cause of action accrued in 2003 when Defendant allegedly failed to secure a release of the National City Bank mortgage. On May 21, 2015, following a hearing, the Court denied the Motion to Dismiss. Opinion (d/e 14). The Court found that, under Illinois law, "[t]he repurchase of the Wainman loan triggered Defendant's obligation to perform under the indemnity provision of the Agreement," and, therefore, the alleged breach occurred no earlier than April 20, 2012. See Opinion at 13.

On June 8, 2015, Defendant filed an Answer and Affirmative Defenses. On June 18, 2015, Plaintiff filed the Motion to Strike Affirmative Defenses at issue herein.

## II. LEGAL STANDARD

Pursuant to Rule 12(f) of the Rules of Civil Procedure, the Court may strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are generally disfavored because such motions often only delay the proceedings. See Heller Fin., Inc. v. Midwhey Powder Co., Inc., 883 F.2d 1286, 1294 (7th Cir. 1989). However, if a motion to strike removes unnecessary clutter

from the case, then the motion serves to expedite, not delay, the proceedings.  Id.

Generally, a court will strike an affirmative defense only if the defense is insufficient on its face.  Heller, 883 F.2d at 1294.  A court will not ordinarily strike an affirmative defense if the defense is sufficient as a matter of law or presents questions of law or fact. Id.  Because affirmative defenses are pleadings, affirmative defenses are subject to the pleading requirements of the Federal Rules of Civil Procedure and must set forth a "short and plain statement" of the defense.  Id., citing Fed. R. Civ. P. 8(a).

Although the Seventh Circuit has not addressed whether the heightened pleading standard set forth in Bell Atl. Corp. v. Twombly, 530 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009) applies to affirmative defenses, several courts in this Circuit have found that the heightened pleading standard does apply to affirmative defenses.  See Sarkis' Cafe, Inc. v. Sarks in the Park, LLC, 55 F. Supp. 3d 1034, 1040 (N.D. Ill. 2014) (citing cases). These courts examine whether the defendant states an "affirmative defense to relief that is plausible on its face."  SEC v. Sachdeva, No. 10-C-747, 2011 WL 933967,  at *1 (E.D. Wisc. Mar. 16, 2011).

However, whether the heightened pleading standard applies likely makes little difference. Factual allegations that were sufficient before Twombly and Iqbal will likely still be sufficient, and "bare bones" affirmative defenses have always been insufficient. See Shield Techs. Corp. v. Paradigm Positioning, LLC, No. 11 C 6183, 2012 WL 4120440, at *8 (N.D. Ill. Sept. 19, 2012). In any event, if an affirmative defense is defective, leave to amend should be freely granted as justice requires under Federal Rule of Civil Procedure 15(a). See Heller, 883 F.2d at 1294.

### III. ANALYSIS

Plaintiff moves to strike Affirmative Defenses Nos. 1, 2, 4, 5, and 8.

### A. Plaintiff's motion to strike Affirmative Defense No. 1 is granted.

Plaintiff moves to strike Affirmative Defense No. 1, which provides as follows:

> The Complaint is barred by the doctrine of res judicata based on the 2010 foreclosure action referenced in the Complaint because any and all claims against [Defendant] relating to the Agreement should have been asserted at that time.

Plaintiff argues that Defendant has not alleged facts establishing the necessary elements of the defense of res judicata. Under Illinois law,[1] Defendant would have to show: "(1) a final judgment on the merits rendered by a court of competent jurisdiction; (2) identity of causes of action, and (3) identity of the parties or their privies." See Pl. Mem. at 3 (quoting Hayashi v. Ill. Dep't of Fin. & Prof'l Regulation, 25 N.E.3d 570, 585 (Ill. 2014)). Plaintiff argues that there is no identity of causes of action or identity of parties between this case and the state court foreclosure action. In support of Plaintiff's claim that Defendant has not alleged facts showing it was a party to the foreclosure action, Plaintiff notes that Defendant claims, in its Answer, a lack of knowledge about the

---

[1] Defendant notes that Indiana law may apply to the res judicata defense because the 2010 foreclosure action took place in Indiana. Garry v. Geils, 82 F.3d 1362, 1367 n. 8 (7th Cir. 1996), quoting Pirela v. Village of N. Aurora, 935 F.2d 909, 911 (7th Cir. 1991) (noting that "under res judicata we look to the law of the state in which the prior judgment was entered to determine whether that state 'would give that judgment preclusive effect against the claims asserted in the federal action'"). Under Indiana law, a res judicata claim is primarily the same as in Illinois, requiring the following elements: "1) the former judgment must have been rendered by a court of competent jurisdiction; 2) the former judgment must have been rendered on the merits; 3) the matter now in issue was, or could have been, determined in the prior action; and 4) the controversy adjudicated in the former action must have been between the parties to the present suit or their privies." Warren v. Warren, 952 N.E.2d 269, 273 (Ind. App. Ct. 2011).

allegations pertaining to the 2010 foreclosure proceedings. See Answer ¶¶ 15, 16, 19.

Defendant responds that Plaintiff's argument is premised on a misstatement of the pleading requirements under the Federal Rules of Civil Procedure. Defendant asserts it need only state "a plausible and short statement of the grounds for the defense." Def. Mem. at 2-3. Defendant argues the defense is sufficient because Defendant has set forth the grounds on which the defense is based.

While an affirmative defense need only set forth a short, plain statement of the defense, the allegations "must include either direct or inferential allegations respecting all material elements of the claim asserted." Renalds v. S.R.G. Rest. Grp., 119 F. Supp. 2d 800, 802 (N.D. Ill. 2000). Here, Defendant's affirmative defense does not allege the identity of the parties or their privies in the state court foreclosure action. Because Defendant does not allege directly or by inference all of the material elements of the res judicata defense, Plaintiff's motion to strike Affirmative Defense No. 1 is granted.

### B. Plaintiff's motion to strike Affirmative Defense No. 2 is granted.

Plaintiff moves to strike Affirmative Defense No. 2, which alleges:

> The Complaint is untimely under 735 ILCS 5/13-206, which establishes a ten-year statute of limitations for breach of contract actions under Illinois law.

Plaintiff argues that because the Court has already determined the issue of the statute of limitations when the Court denied Defendant's Motion to Dismiss on that ground, the ruling is now the law of the case. Plaintiff also asserts that, because Defendant already raised the defense in a motion to dismiss, Defendant does not need to reiterate the defense in its Answer to preserve the issue. Pl. Mem. at 4 (citing Ohmer Corp. v. Duncan Meter Corp., 8 F.R.D. 582, 583 (N.D. Ill. 1948) (striking affirmative defense where the court had already ruled on the issue in a preliminary motion and finding that the defendant did not need to include the defense in its answer because the record of the case would "preserve defendant's rights")).

Defendant responds that the Federal Rules of Civil Procedure do not preclude a party from raising an affirmative defense that was the subject of an earlier motion to dismiss.

The Court finds that the affirmative defense is redundant. Defendant already raised the defense in a motion to dismiss and has preserved the issue. The Court denied the motion to dismiss on legal, not factual, grounds. Therefore, a compelling reason does not likely exist to revisit the earlier ruling. See, e.g., Minch v. City of Chicago, 486 F.3d 294, 301 (7th Cir. 2007) (under the law of the case doctrine, a court should not revisit an earlier ruling absent a compelling reason or a change in the law). Plaintiff's motion to strike Affirmative Defense No. 2 is granted.

**C.    Plaintiff's motion to strike Affirmative Defense No. 4 is denied.**

Plaintiff moves to strike Affirmative Defense No. 4, which is premised on the Rooker-Feldman doctrine:

> There is no subject-matter jurisdiction as to the matters raised in the Complaint because:
>
> a) The Complaint is inextricably intertwined with the judgment in the 2010 state court foreclosure action; and
>
> b) [Plaintiff] is calling on this Court to review the state court action and judgment as it relates to the relative

> priorities of the National City Bank mortgage and the mortgage of [Plaintiff] purchased from [Defendant].

Plaintiff argues that the Rooker-Feldman doctrine does not apply because Plaintiff is not seeking to have this Court review the decision in the state court foreclosure case.

Defendant responds that the issues in this case are inextricably intertwined with the state court decision. According to Defendant, Plaintiff is asking this Court to revisit the judgment in the foreclosure proceedings "as it relates to the relative priorities of the National City Bank mortgage and the mortgage that [Plaintiff] purchased from [Defendant]." Def. Mem. at 6. Defendant further asserts that Plaintiff is asking this Court to remedy the loss caused by the state court foreclosure proceedings.

"The Rooker-Feldman doctrine precludes lower federal courts from exercising jurisdiction over claims that would require them to review a final judgment of a state court." Manley v. City of Chicago, 236 F.3d 392, 396 (7th Cir. 2001), citing Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). That is, the doctrine bars the federal claim when "the state court's judgment is the

source of the injury of which the plaintiffs complain in federal court." Richardson v. Koch Law Firm, P.C., 768 F.3d 732, 733 (7th Cir. 2014).

Defendant's affirmative defense alleges that Plaintiff's federal claim asks this Court to review the state court action as it relates to the relative priorities of the National City Bank mortgage and the mortgage Plaintiff purchased from Defendant.  As such, and without suggesting that Defendant's characterization of Plaintiff's claim is correct, the Court finds that Defendant has sufficiently pleaded a Rooker-Feldman defense.  In addition, the issues raised by the parties in the Motion to Strike and the Defendant's response raise questions of law and fact, and a court does not ordinarily strike an affirmative defense if the defense presents questions of law or fact.  See Heller, 883 F.2d at 1294 ("Ordinarily, defenses will not be struck if they are sufficient as a matter of law or if they present questions of law or fact").  Therefore, Plaintiff's motion to strike Affirmative Defense No. 4 is denied.

### D. Plaintiff's motion to strike Affirmative Defense No. 5 is denied.

Plaintiff moves to strike Affirmative Defense No. 5, which provides as follows:

> The Complaint is barred by the doctrine of laches because:
>
> a) [Plaintiff] failed to notify [Defendant] promptly in 2010 once [Plaintiff] became aware that National City Bank was asserting priority over the mortgage purchased by [Plaintiff];
>
> b) Instead, [Plaintiff] failed to notify [Defendant] of National City Bank's claim until after [Plaintiff] repurchased the mortgage from Fannie Mae in 2012;
>
> c) [Plaintiff's] delay in asserting its rights, if any, relating to the relative priorities of the above mortgages has caused prejudice to [Defendant].

Plaintiff argues that the doctrine of laches is an equitable doctrine that does not apply in a case where the sole remedy sought is money damages.

Defendant responds that laches is a valid affirmative defense under Illinois law in actions for damages.

Illinois courts have expanded the application of a laches defense to lawsuits seeking both equitable and legal remedies. <u>Mo v. Hergan</u>, 982 N.E.2d 905, 914 (Ill. App. Ct. 2012) (citing cases).

Illinois courts appear to disagree, however, on whether a laches defense should be available in an action that seeks only money damages.  Id. (noting the disagreement and assuming a laches defense could be raised in an action only seeking monetary relief).

The Seventh Circuit has also noted that Illinois "has begun to erode the distinction between legal and equitable defenses.  See West End Mut. Ins. Co. v. Procaccio Painting & Drywall Co., Inc., --- F.3d ---, 2015 WL 4153635, at *10 (7th Cir. 2015).  In a case addressing laches in the context of a motion to dismiss and a summary judgment motion, the Seventh Circuit Court noted it had "yet to find a case in which an Illinois court has applied laches to bar a breach-of-contract suit seeking only monetary damages." West End, 2015 WL 4153635, at *10, citing Nature Conservancy v. Wilder Corp. of Del., 656 F.3d 646, 651 (7th Cir. 2011) (examining Illinois law and finding no need to resolve the issue where, even assuming laches could apply, the defense failed for lack of evidence of prejudice).  Given the uncertainty under Illinois law, Plaintiff's motion to strike Affirmative Defense No. 5 is denied.  See Heller, 883 F.2d at 1294 ("Ordinarily, defenses will not be struck if they

are sufficient as a matter of law or if they present questions of law or fact").

### E. Plaintiff's motion to strike Affirmative Defense No. 8 is granted.

Plaintiff last argues that the Court should strike Affirmative Defense No. 8. Affirmative Defense No. 8 alleges as follows:

> [Plaintiff's] Complaint fails to state a claim upon which relief can be granted because the facts alleged in the Complaint fail to trigger [Defendant's] alleged duty to indemnify [Plaintiff] under Section F of the Agreement.

Plaintiff notes that while some courts allow a defendant to raise "failure to state a claim" as an affirmative defense, the defendant must allege more than a "bare bones" recitation of the defense and do more than reiterate the denials contained in the answer.

Defendant agrees that there is disagreement over whether failure to state claim is an affirmative defense. Defendant asserts, however, that courts in this district have permitted the defense. Defendant further assets that its defense is more than a bare bones recitation of the defense because the defense indicates that the alleged duty to indemnify was never triggered.

Courts are divided over whether a party may properly plead a failure to state a claim as an affirmative defense. See Jackson v.

Methodist Med. Ctr. of Ill., No. 06-1235, 2007 WL 128001, at *2 (C.D. Ill. Jan. 11, 2007) (collecting cases).  However, even those courts that allow the defense to be raised require more than a "bare recitation of the legal standard."  Id.

Although Affirmative Defense No. 8 sets forth more than a bare bones recitation of the defense, the additional facts provide nothing more than a repeat of Defendant's denial of the allegations of the Complaint.  See Answer ¶¶ 20, 21, 22.  "[A]n affirmative defense cannot merely repeat a defendant's denial of allegations contained in the complaint." Sarkis' Cafe, 55 F. Supp. 3d at 1041.  Therefore, Plaintiff's motion to strike Affirmative Defense No. 8 is granted.

## IV. CONCLUSION

For the reasons stated, Plaintiff's Motion to Strike Affirmative Defenses (d/e 17) is GRANTED IN PART and DENIED IN PART.  The Court strikes Affirmative Defenses Nos. 1, 2, and 8 without prejudice.  The Court does not strike Affirmative Defenses Nos. 4 and 5.

ENTER:  July 23, 2015

FOR THE COURT:
                              s/Sue E. Myerscough
                              SUE E. MYERSCOUGH
                              UNITED STATES DISTRICT JUDGE


ENTER:  July 23, 2015

FOR THE COURT:
                                  s/Sue E. Myerscough
                                  SUE E. MYERSCOUGH
                                  UNITED STATES DISTRICT JUDGE