IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| COMMUNITY BANC MORTGAGE CORPORATION, an Illinois Corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>NORTH SALEM STATE BANK, an Indiana banking corporation,<br><br>    Defendant. | No. 15-3051 |

OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

This cause is before the Court on Plaintiff Community Banc Mortgage Corporation's Motion to Strike Answer and Amended Affirmative Defenses (d/e 23).  Plaintiff's Motion is DENIED.

Because it would only serve to further delay the case should the Court require Defendant to seek leave, the Court will construe Defendant's response to the motion to strike as a request for leave and grant Defendant leave to file the Answer and Amended Affirmative Defenses.  In addition, the Court will not re-strike Affirmative Defenses Nos. 2 and 8 because those defenses remain

struck, as identified in the Answer and Amended Affirmative Defenses.

## I. BACKGROUND

On January 16, 2015, Plaintiff Community Banc Mortgage Corporation filed a Complaint against Defendant North Salem State Bank in the Circuit Court for the Seventh Judicial Circuit, Sangamon County, Illinois. On February 19, 2015, Defendant filed a Notice of Removal, and the case was removed to this Court. The Complaint alleges that Defendant breached the parties' Secondary Mortgage Market Agreement.

In March 2015, Defendant filed a Motion to Dismiss asserting that the Complaint was barred by the statute of limitations. See Mot. (d/e 10). In May 2015, this Court denied Defendant's Motion to Dismiss. Opinion (d/e 14). Thereafter, Defendant filed an Answer and Affirmative Defenses (d/e 15).

In June 2015, Plaintiff moved to strike several of Defendant's affirmative defenses (d/e 17). In July 2015, the Court struck Affirmative Defense Nos. 1 (res judicata), 2 (statute of limitations), and 8 (failure to state a claim) without prejudice. Opinion (d/e 20). The Court did not specifically grant Defendant leave to amend.

On October 1, 2015, Defendant filed an Answer and Amended Affirmative Defenses (Amended Answer) (d/e 22). The Amended Answer is identical to the original Answer with the exception that (1) Affirmative Defense No. 1 (res judicata) was amended to include additional factual allegations and (2) Defendant included Affirmative Defense Nos. 2 (statute of limitations) and 8 (failure to state a claim) with a footnote indicating that the Court struck both defenses without prejudice in its July Order and that Defendant reserved the right to request leave to amend Affirmative Defense Nos. 2 and 8. See Amended Answer (d/e 22).

On October 19, 2015, Plaintiff filed the Motion to Strike Answer and Amended Affirmative Defenses at issue herein.

## II. ANALYSIS

Plaintiff requests that this Court strike the Answer and Amended Affirmative Defenses filed by Defendant or, alternatively, strike Affirmative Defense Nos. 2 and 8.

Plaintiff first argues that Defendant filed the Answer and Amended Affirmative Defenses without leave of court and beyond the time permissible to file an amended pleading without leave of

court. Defendant responds that this Court impliedly granted Defendant leave to file an Amended Answer.

Federal Rule of Civil Procedure 15 provides the circumstances under which a party may amend its pleadings. A party may amend its pleading once as a matter of course within:

> (A) 21 days after serving it, or
>
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a)(1). In all other cases, a party may amend its pleading only with the opposing party's written consent or with leave of court. Fed. R. Civ. P. 15(a)(2). Leave of court should be freely given when justice so requires. Id.

In this case, Defendant filed its original Answer on June 8, 2015. Under Rule 15(a)(1)(A), Defendant could have filed, without seeking leave of court, an amended Answer within 21 days but did not. Under Rule 15(a)(1)(B), Defendant could have filed, without seeking leave of court, an amended Answer within 21 days of Plaintiff's Motion to Strike Affirmative Defenses (d/e 17), which

was brought pursuant to Rule 12(f) and filed on June 18, 2015. Again, Defendant did not do so.

Because Defendant did not file the Amended Answer within the time period allotted for doing so "as a matter of course" (Fed. R. Civ. P. 15(a)), Defendant could only file the Amended Answer with the written consent of Plaintiff or with leave of this Court. Defendant argues this Court "impliedly" granted leave in its July 23, 2015 Opinion striking Affirmative Defense Nos. 1, 2, and 8 without prejudice. Def. Resp. at 3 (d/e 24). Defendant argues that it is this Court's practice to grant leave by dismissing the defenses "without prejudice." Id. (citing cases). Defendant also argues that requiring a motion for leave would not be an efficient use of the Court's resources. Id.

The cases cited by Defendant are distinguishable. In each of those cases, the Court explicitly granted leave to amend or refile. See Acuity Optical Labs, Inc. v. Davis Vision, Inc., No. 14-3231, 2014 WL 5900994, at *2, *8 (C.D. Ill. Nov. 13, 2014) (wherein the respondent specifically requested leave to amend any defenses the Court struck, and the Court set a deadline for respondent to amend any affirmative defenses); Gregory v. Kirby, No. 12-cv-3249,

2012 WL 5286967, at *3 (C.D. Ill. Oct. 23, 2012) (specifically granting leave to file an amended complaint); Simplex, Inc. v. Global Source One Int'l Inc., No. 12-3101, 2012 WL 3647125, at *4 (C.D. Ill. Aug. 23, 2012) (specifically granting the plaintiff leave to re-file).

In this case, while the Court struck certain defenses without prejudice, the Court did not grant leave to refile. Therefore, even if it were the Court's common practice to grant leave when dismissing a pleading or affirmative defense without prejudice, the Court did not do so here.

Moreover, Defendant did not even ask in its response to Plaintiff's first motion to strike that the Court grant leave to amend any affirmative defenses the Court strikes. See Def. Resp. (d/e 19). In addition, Defendant waited over two months after the Court's Opinion to file the Amended Answer.

The Court agrees, however, that at this point, it would not be judicially efficient to require Defendant to file a motion for leave. The Court will construe Defendant's response to the motion to strike as a motion for leave to file the Amended Answer and grant that motion. Leave to amend should be freely given. Fed. R. Civ.

P. 15(a)(2).  Moreover, Plaintiff will not be prejudiced by the filing of the Amended Answer, and the Court does not find Defendant has acted in bad faith or that granting leave will cause undue delay. See Crest Hill Land Dev., LLC v. City of Joliet, 396 F.3d 801, 804 (7th Cir. 2005) (leave to amend should be freely given but may be denied "for reasons including undue delay, the movant's bad faith, and undue prejudice to the opposing party").

Plaintiff requests, as an alternative to striking the Amended Answer, that the Court strike Affirmative Defense Nos. 2 and 8 because the Court previously struck those defenses and Defendant did not amend the allegations contained therein.

Defendant asserts that striking the defenses is unnecessary because the Amended Answer makes clear that Affirmative Defense Nos. 2 and 8 were previously struck by the court but that Defendant was reserving the right to later request leave to amend them.  Def. Resp. at 4 (d/e 24).  Defendant states that it is not re-asserting the defenses that the July 2015 Opinion already struck. Id.

Pursuant to Rule 12(f) of the Rules of Civil Procedure, the Court may strike from a pleading "an insufficient defense or any

redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  Motions to strike are generally disfavored, however, because such motions often only delay the proceedings. See Heller Fin., Inc. v. Midwhey Powder Co., Inc., 883 F.2d 1286, 1294 (7th Cir. 1989).  Nonetheless, if a motion to strike removes unnecessary clutter from the case, then the motion serves to expedite, not delay, the proceedings.  Id.

The Motion to Strike is denied.  The Amended Answer indicates that the Court struck Affirmative Defense Nos. 2 and 8 in the July 23, 2015 Order.  Therefore, there is no need for the Court to again strike those affirmative defenses as they are no longer a part of this case.

### III. CONCLUSION

For the reasons stated, Plaintiff's Motion to Strike Answer and Amended Affirmative Defenses [23] is DENIED.  The Court construes Defendant's Response [24] as a request for leave to file the Amended Answer and GRANTS that request.  Defendant is granted leave to file the Answer and Amended Affirmative Defenses filed on October 1, 2015.

ENTER:  November 10, 2015

FOR THE COURT:

                                      <u>s/Sue E. Myerscough</u>
                                SUE E. MYERSCOUGH
                                UNITED STATES DISTRICT JUDGE