IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| COMMUNITY BANC MORTGAGE CORPORATION, an Illinois Corporation,<br><br>    Plaintiff,<br><br>v.<br><br>NORTH SALEM STATE BANK, an Indiana banking corporation,<br><br>    Defendant. | No. 15-3051 |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

This cause is before the Court on Defendant North Salem State Bank's Motion to Dismiss for Lack of Subject Matter Jurisdiction (d/e 39). Defendant argues that Plaintiff Community Banc Mortgage Corporation lacks standing to bring this cause of action. The Motion to Dismiss is DENIED.

### I. BACKGROUND

In January 2015, Plaintiff filed suit against Defendant in state court. On February 19, 2015, Defendant removed the action

to this Court.  See Notice of Removal (d/e 1) (alleging diversity jurisdiction).

The Complaint alleges that Plaintiff and Defendant were parties to a Secondary Mortgage Market Agreement dated May 21, 1992, as amended by Amendment to Secondary Mortgage Market Agreement effective November 1, 1996 (collectively referred to as the Agreement).  Compl. ¶ 5.  Pursuant to the Agreement, Defendant originated residential mortgage loans and then sold such loans to Plaintiff.  Id. ¶ 6.  Plaintiff thereafter sold the loans to the Federal National Mortgage Association ("Fannie Mae"), the Federal Home Loan Mortgage Corporation ("Freddie Mac"), and other secondary mortgage market participants.  Id.

Under the Agreement, Defendant made a number of warranties to Plaintiff, including that the loans would be processed and originated in compliance with applicable laws and Secondary Market guidelines.  Compl. ¶ 7.   Defendant also agreed to indemnify Plaintiff against all claims and losses made against or incurred by Plaintiff as a result of Defendant's failure to perform its obligations, breach of any warranties, or misrepresentation of any certifications under the Agreement.  Id. ¶ 8.

One of the loans originated by Defendant was a mortgage loan dated September 4, 2003, made to Steven and Susan Wainman (the Wainman Loan) secured by a first mortgage on property owned by the Wainmans (the Property). Compl. ¶ 9. After the closing of the Wainman Loan, the loan was purchased by Plaintiff and then transferred to Fannie Mae. Compl. ¶ 14. Plaintiff retained the rights and obligations related to servicing the Wainman Loan. Id.

The Complaint alleges that, in 2010, Plaintiff commenced foreclosure proceedings after the Wainmans defaulted on the loan. Compl. ¶ 15. During the foreclosure proceedings, it was discovered that a pre-existing Line of Credit mortgage on the Property in favor of National City Bank had not been released. Id. ¶ 16. In March 2012, Fannie Mae demanded that Plaintiff repurchase the Wainman Loan, alleging that the loan was not originated in accordance with the procedures required by Fannie Mae because of the failure to obtain and record a release of the National City Bank mortgage. Compl. ¶ 17. On or about April 20, 2012, Plaintiff complied with Fannie Mae's demand and repurchased the Wainman Loan at a cost of $110,002.20. Id. ¶ 18.

The foreclosure was subsequently completed, and the mortgaged property was sold by Plaintiff. Compl. ¶ 19. Plaintiff suffered a loss of $114,842.53 on the transaction. Id.

Plaintiff alleges that Defendant's failure to obtain and record a release of the National City Bank mortgage and the sale of the Wainman loan to Plaintiff constituted a breach of Defendant's warranties and obligations to Plaintiff under the Agreement. Compl. ¶ 21. Plaintiff further alleges that Defendant is required to indemnify and hold Plaintiff harmless from any loss suffered by Plaintiff arising from a breach of Defendant's warranties under the Agreement and from Defendant's failure to perform its obligations under the Agreement. Id. ¶ 20.

Defendant filed a Motion to Dismiss (d/e 10) asserting the cause of action was untimely. The Court denied the Motion, finding the Complaint was not barred by the statute of limitations. Opinion at 14 (d/e 14) (finding that the breach for which relief is sought is not Defendant's failure to obtain the release but Defendant's failure to indemnify Plaintiff once Plaintiff repurchased the Wainman Loan).

In February 2017, the parties filed cross-motions for summary judgment (d/e 40, 42), which remain pending. Defendant also filed the Motion to Dismiss for Lack of Jurisdiction (d/e 39) at issue herein.

In the Motion to Dismiss, Defendant asserts that facts learned during the course of the litigation demonstrate that Plaintiff does not have standing to sue. Therefore, according to Defendant, this Court does not have subject matter jurisdiction and the case must be dismissed.

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a defendant may move for dismissal of a claim for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A federal court's jurisdiction is limited to "Cases" and "Controversies," and no case or controversy exists if the plaintiff lacks standing. U.S. Const. art. III, § 2; Johnson v. U.S. Office of Pers. Mgmt., 783 F.3d 655, 660 (7th Cir. 2015).

When considering a Rule 12(b)(1) motion, this Court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of the plaintiff. Alicea-Hernandez v.

Catholic Bishop of Chi., 320 F.3d 698, 701 (7th Cir. 2003). If a defendant challenges standing as a factual matter, however, the Court may look beyond the allegations in the complaint and view whatever evidence has been submitted to determine whether subject matter jurisdiction exists. Apex Digital, Inc. v. Sears, Roebuck & Co., 572 F.3d 440, 444 (7th Cir. 2009). The plaintiff bears the burden of establishing standing by a preponderance of the evidence. See Reid v. Ill. State Bd. of Educ., 358 F.3d 511, 515 (7th Cir. 2004); Lee v. City of Chi., 330 F.3d 456, 468 (7th Cir. 203) ("If standing is challenged as a factual matter, the plaintiff must come forward with 'competent proof'—that is a showing by a preponderance of the evidence—that standing exists."). A plaintiff establishes standing by showing (1) that he suffered an injury that is (a) concrete and particularized and (b) actual or imminent; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) that it is likely that a favorable decision will redress the injury. Berger v. Nat'l Collegiate Athletic Ass'n, 843 F.3d 285, 289 (7th Cir. 2016).

## III. ANALYSIS

Defendant argues that the available evidence shows that Plaintiff does not have standing to bring this suit.  Defendant asserts that, contrary to the allegations in the Complaint, United Community Bank is the real party in interest because Plaintiff transferred all of its rights in the Property to United Community Bank and United Community Bank conducted the foreclosure, purchased the Property at foreclosure sale, and "bought the Property back from Fannie Mae."  Mot. at 4.

Defendant points to evidence that Plaintiff transferred the note for the Wainman Loan to United Community Bank so that United Community Bank could foreclose on the Mortgage.  See 2010 Complaint for Foreclosure of Mortgage (Def. Ex. 1) (containing the allegation that Plaintiff transferred the note for the Wainman Loan to United Community Bank so that United Community Bank could foreclose on the mortgage).  Plaintiff also assigned all of its rights in the mortgage to United Community Bank.  See Assignment of Mortgage dated March 29, 2010 (Def. Ex. 2).  United Community Bank prosecuted the foreclosure complaint against the Wainmans, obtained a judgment in its name, and

bought the Property at the sheriff's sale.  See Am. In Rem Default J. of Foreclosure and Agreed Entry (Def. Ex. 6); Sheriff's Deed (Def. Ex. 7).  Plaintiff does not dispute these facts.[1]

Defendant also asserts, and Plaintiff disputes, that United Community Bank—not Plaintiff—repurchased the Wainman Loan from Fannie Mae.  See Def. Ex. 4 (a December 2012 email from Craig Fricke, United Community Bank Vice President Loss Mitigation to Jennifer Gast, Associate Claims Counsel for Fidelity National Title Group, stating that "United Community Bank was required to repurchase this loan due to the handling of the title claim").  Defendant asserts that this evidence demonstrates that United Community Bank, and not Plaintiff, is the real party in interest.  Defendant's motion does not mention the three elements of standing but appears to argue that Plaintiff did not suffer an injury in fact because Plaintiff assigned its rights to the mortgage and note to United Community Bank and United Community Bank repurchased the Loan from Fannie Mae.

---

[1] Defendant incorporated the facts from its Motion for Summary Judgment into the Motion to Dismiss, and Plaintiff incorporated its response to those facts and its own undisputed facts.  See Def. Undisputed Facts Nos. 19, 21, 32, 33 (d/e 40-1); Pl. Resp. (d/e 45).

Plaintiff argues that it has standing to bring the suit against Defendant for indemnification under the Agreement because Defendant caused Plaintiff's injury and the injury can be redressed. Pl. Resp. at 4. Plaintiff also argues that it suffered an actual, concrete injury because Fannie Mae required that Plaintiff repurchase the Wainman Loan and Plaintiff did so.

As proof that Plaintiff repurchased the Wainman Loan from Fannie Mae, Plaintiff points to the Affidavit of Mary T. Sexton, Senior Vice President of Community Banc Mortgage Corporation. See Memo in Support of Mot. for Summ. J., Sexton Aff. (d/e 43-2). Sexton asserts that Plaintiff Community Banc Mortgage Corporation is a wholly owned subsidiary of United Community Bank. Sexton Aff. ¶ 2. Sexton states that, in April 2012, Plaintiff complied with Fannie Mae's demand and repurchased the Wainman Loan at a cost of $110,002.02. Id. ¶ 12. Sexton refers to the pertinent page of Plaintiff's Demand Deposit (checking) Account showing a posting of a $110,002.02 deposit on April 20, 2012 for the repurchase of the Wainman Loan and a debit by Fannie Mae of $294,003.85, which included the Wainman Loan repurchase. Id. ¶ 13, citing Exhibit B-4 (d/e 43-2, p. 15 of 22).

Sexton also asserts that, after the mortgaged property was sold, the net proceeds of $14,712.37 were remitted to Plaintiff, leaving Plaintiff with a net loss of $95,289.65 exclusive of costs, from the repurchase from Fannie Mae. Aff. ¶ 15.

The Court finds that Plaintiff has established standing. Plaintiff suffered an injury in fact when Plaintiff repurchased the Wainman Loan from Fannie Mae, as evidenced by the Sexton Affidavit and the bank statement. In addition, Plaintiff is enforcing its own indemnification rights against Defendant under the Agreement. Defendant has presented no evidence that Plaintiff has assigned its rights under the Agreement to a third party. The fact that Plaintiff assigned its interest in the Wainman Loan to United Community Bank does not affect Plaintiff's ability to seek redress against Defendant under the Agreement. See, e.g., Residential Funding Co., LLC v. Acad. Mortg. Corp., 55 F. Supp. 3d 935, 944-45 (D. Minn. 2014) (finding the complaint alleged standing and that the plaintiff was asserting its own interests under the parties' mortgage purchase agreement even though the plaintiff sold the loans, where there were no allegations that the plaintiff sold its

rights to bring claims for breach of the mortgage purchase agreement).

The case cited by Defendant, <u>Apex Digital, Inc. v. Sears, Roebuck & Co.</u>, is distinguishable. In <u>Apex</u>, the plaintiff sued the defendant for breach of contract for failing to pay for products the defendant purchased from the plaintiff over several years. <u>Apex</u>, 572 F.3d at 442. The defendant moved to dismiss for lack of standing, producing evidence that the plaintiff sold and assigned all of its rights in its accounts receivable to a third party. <u>Id.</u> The Seventh Circuit held that the plaintiff failed to produce any evidence to rebut the defendant's allegation that the plaintiff assigned all of its right in the debt and, therefore, failed to demonstrate standing. <u>Id.</u> at 444-45.

In this case, Plaintiff assigned all of its interest in the mortgage and note that comprised the Wainman Loan, but Plaintiff is not attempting to collect on or enforce that loan. Instead, Plaintiff is seeking to enforce the indemnification provision of the Agreement between Plaintiff and Defendant. And, as noted above, Defendant points to no evidence that Plaintiff assigned its rights to

enforce the Agreement. Therefore, the reasoning in <u>Apex</u> does not apply.

## IV. CONCLUSION

For the reasons stated, Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (d/e 39) is DENIED.

**ENTER: May 30, 2017**

**FOR THE COURT:**

<u>s/Sue E. Myerscough</u>
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**