IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| COMMUNITY BANC MORTGAGE CORPORATION, an Illinois Corporation, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 15-3051 |
| NORTH SALEM STATE BANK, an Indiana banking corporation, | ) ) ) ) | |
| Defendant. | ) | |

OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

The Court, sua sponte, reconsiders Defendants Motion to Alter Judgment Pursuant to Federal Rule of Civil Procedure 59(e) (d/e 57). The Motion is GRANTED.

The parties are familiar with the facts of the case. In brief, Plaintiff and Defendant were parties to a Secondary Mortgage Market Agreement (Agreement). Under the Agreement, Defendant originated residential mortgage loans and sold the loans to Plaintiff. Plaintiff then sold the loans to the Federal National Mortgage Association (Fannie Mae), the Federal Home Loan

Mortgage Corporation (Freddie Mac), and other secondary mortgage market participants.

Under the Agreement, Defendant agreed to process the mortgage loans in compliance with the law and to warrant that all documents and representations were true and correct. Defendant was responsible for closing and funding the loans, obtaining releases, recording the mortgages, recording assignments, and returning all documents to Plaintiff. Plaintiff then verified that all documents were complete and correct per Freddie Mac requirements. The Agreement also required that Defendant indemnify and hold Plaintiff harmless for all losses and claims made against Plaintiff as a result of Defendant's failure to perform its obligations under the Agreement.

The mortgage loan in question (the Wainman Loan) involves a loan made to Stephen A. Wainman Jr., and Susan Wainman. The property that secured the loan was located in Indiana and was encumbered by pre-existing liens. One of those liens, the one at issue, was a line of credit mortgage in favor of National City Bank of Indiana (National City). The Wainmans executed a "Request to Cancel Line of Credit and Affidavit of Balance" (Request to Cancel)

directed toward National City requesting that the open line of credit be closed and a release of mortgage be recorded. An agent for Defendant tendered the request to National City along with a check in an amount sufficient to pay the balance. The check contained the language "PAYOFF." Thereafter, Defendant assigned the loan to Plaintiff, who then sold the loan to Fannie Mae. Plaintiff retained the rights and obligations related to servicing the loan.

Despite the Wainman's request to National City, the line of credit was not closed and a release of mortgage was not recorded. The Wainmans continued to use the line of credit. This caused a problem when the Wainman loan went into default. During the mortgage foreclosure proceedings, National City's successor, PNC Bank, N.A. (PNC), claimed a first mortgage on the property based on the line of credit mortgage.

Upon learning this, Fannie Mae requested that Plaintiff repurchase the Wainman loan, and Plaintiff did so. Eventually, PNC entered into a stipulation that the mortgage held by United

Community Bank was in first position.[1] After the property was sold, Plaintiff suffered a loss of $95,289.65.

Plaintiff demanded that Defendant indemnify Plaintiff for its loss. Defendant refused. This litigation ensued. In July 2017, the Court granted summary judgment in favor of Plaintiff, finding that Defendant breached the Agreement and was required to indemnify Plaintiff.

To prevail on a motion to alter or amend a judgment, Defendant must establish the existence of a manifest error of law or fact or must present newly discovered evidence. Fed. R. Civ. P. 59(e); Blue v. Hartford Life & Acc. Ins. Co., 698 F.3d 587, 598 (7th Cir. 2012); Caisse Nationale de Credit Agricole v. CBI Indus., Inc., 90 F.3d 1264, 1269 (7th Cir. 1996). Defendant may not use a motion to alter or amend a judgment to relitigate issues or present its case under a new theory. U.S. ex rel. Russo v. Attorney Gen. of Ill., 780 F.2d 712, 715 n.4 (7th Cir. 1986). Defendant also may not rely on evidence and arguments that could have been presented

---

[1] Plaintiff assigned the mortgage to United Community Bank. After the property was sold, United Community Bank remitted the net profit to Plaintiff.

prior to the judgment.  See Bordelon v. Chi, Sch. Reform Bd of Trs., 233 F.3d 524, 529 (7th Cir. 2000).

The Court finds that a manifest error of law or fact occurred. While it is true that Fannie Mae essentially required Plaintiff repurchase the Wainman Loan, this was not due to any breach of the Agreement by Defendant.

Defendant obtained a release of the line of credit mortgage when Defendant's agent tendered to National City the Wainman's request that the line of credit be closed and a release of mortgage be recorded, along with a check for the balance.  By operation of Indiana law, this was sufficient to terminate the line of credit mortgage.  U.S. Bank Nat'l Ass'n v. Seeley, 953 N.E.2d 486, 489 (Ind. App. Ct. 2011) (holding that, where the evidence shows the parties intended the payoff of a line of credit mortgage to terminate the mortgage, the line of credit mortgage is deemed terminated); Fin. Ctr. Fed. Credit Union v. Brand, 967 N.E.2d 1080, 1084 (Ind. App. Ct. 2012 (discussing equitable subrogation and noting that a refinance lender who provides the funds to pay off an existing mortgage stands in the shoes of a senior lien and retains its

priority status so long as the refinance lender is not culpably negligent).

Clearly, a problem arose during the mortgage foreclosure proceedings. However, this was not due to any breach of the Agreement by Defendant. Defendant did everything it was required to do under the Agreement. As noted above, when Defendant assigned the Wainman Loan to Plaintiff, the line of credit mortgage, by operation of Indiana law, was considered terminated. Defendant is entitled to judgment in its favor.

Therefore, upon reconsideration, the Motion to Alter Judgment (d/e 57) is GRANTED. The judgment entered July 6, 2017 is VACATED. The Clerk is directed to enter judgment in favor of Defendant. The pending Motion for Award of Attorney's Fees, Costs, and Post-Judgment Interest (d/e 54) is DENIED AS MOOT.

**ENTER: October 2, 2017**

**FOR THE COURT:**
                          *s/Sue E. Myerscough*
                          **SUE E. MYERSCOUGH**
                          **UNITED STATES DISTRICT JUDGE**